

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 13, 1939

Hon. R. T. Burns
County Attorney
Walker County
Huntsville, Texas

Dear Sir:

Opinion No. 0-966
Re: Under Article 3933, would the
sheriff of Walker County be
entitled to a fee of $4.00 per
day for every day of the term
or to $4.00 for the days that
the court was actually in ses-
sion?

Your request for an opinion on the above stated
question has been received by this office.

We are informed by the Comptroller's office
that Walker County has a population of eighteen thousand
five hundred and twenty-eight (18,528) inhabitants, ac-
cording to the last Federal census and that the county
officials of Walker County are compensated on a fee basis
rather than the annual salary basis.

Article 3933, Revised Civil Statutes, reads in
part as follows:

"Sheriffs shall receive the following fees:

". . .

"For every day the sheriff or his deputy
shall attend the district or county court,
he shall receive four dollars ($4) a day to be
paid by the county for each day that the sheriff
by himself or a deputy shall attend said court."

This department has ruled on the question we now have under consideration on numerous occasions and has repeatedly held that the sheriff is entitled to pay for attendance upon the court only when the court is actually in session and not while merely constructively in session.

We quote from an opinion of this department written May 2, 1931, by Hon. Everett F. Johnson, Assistant Attorney General, addressed to Hon. John Spence, County Attorney, Crockett, Texas, as follows:

"It is not necessary, however, for the court to continue throughout the entire day in order for the sheriff to be entitled to the pay allowed him by law. If the court is transacting business or demands the presence of the sheriff, whether any business is being transacted or not, the sheriff would be entitled to receive the compensation of $4.00 per day, as allowed by Article 3933, Revised Civil Statutes of 1925. However, if the judge should adjourn court for a specific time during the term and no business is transacted during such adjournment, then, ....the sheriff would not be entitled to his per diem for the days of adjournment."

We quote from an opinion of this department written September 28, 1937, by Hon. James M. Noff, Assistant Attorney General, addressed to Hon. Ben J. Dean, District Attorney, Breckenridge, Texas, as follows:

"In an opinion heretofore rendered by this department on February 21, 1917, which was ruled that the sheriff was entitled to the fees mentioned.....only when the court was actually in session. The opinion construes the phrase 'actually in session' to mean the presence of the judge, and it also points out the fact the judge must assume the bench and proceed with the business of the court. This opinion has been followed

by this department on numerous occasions."

You are respectfully advised that it is the opinion of this department that the sheriff of Walker County is entitled to $4.00 for each day he is actually in attendance upon the court since the statute specifies that this sum is to be paid for each day that the sheriff or his deputy shall attend said court. No per diem should be allowed where there is no such attendance, even though the court may be in session and is performing its various duties where the court is required to perform many functions where the attendance of the sheriff or his deputy is not necessary. It must be borne in mind that statutes permitting compensation to public officials must be strictly construed and it is a settled policy of the court not to permit the payment of fees or other forms of compensation, unless the statutes specifically and clearly authorizes the same.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN